UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ASCENTIUM CAPITAL LLC )
　　　　　　　　　　　　　　　　　　　　　　)
　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　　　　　)
vs. )
　　　　　　　　　　　　　　　　　　　　　　)
TED LITTELL, TIMOTHY LITTELL, and )
WHITE KNIGHT LIMOUSINE, INC., )
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　Defendants. )

## COMPLAINT

COMES NOW Plaintiff Ascentium Capital LLC ("Ascentium"), by and through its undersigned counsel, and for its Complaint against Ted Littell and Timothy Littell ("Guarantors"), and against White Knight Limousine, Inc. ("White Knight") (collectively "Defendants"), states as follows:

## PARTIES

1. Ascentium is a Delaware company in good standing with its principal place of business located in Kingwood, Texas.

2. Guarantors, upon information and belief, are residents of Columbia, Missouri.

3. White Knight is a Missouri Corporation in good standing with its principal place of business in Columbia, Missouri.

## JURISDICTION AND VENUE

4. Ascentium re-alleges and incorporates herein by reference each of the allegations contained and set forth in paragraphs 1 through 3 above as if fully set forth herein.

5. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the actual amount in controversy exceeds $75,000, and the Plaintiff maintains diverse citizenship from each Defendant.

6. Venue is proper in this Court under 28 U.S.C. § 1391 because all Defendants reside in Missouri, and upon information and belief all Defendants are residents of this judicial district.

## FACTS RELEVANT TO ALL COUNTS

7. Ascentium re-alleges and incorporates herein by reference each of the allegations contained and set forth in paragraphs 1 through 6 above as if fully set forth herein.

8. On or about July 15, 2017, November 7, 2019, and December 10, 2019, White Knight entered into Equipment Finance Agreements ("EFAs") Numbers 2242662, 2396184, and 2408247, respectively, with Ascentium, in order to finance White Knight's acquisition of equipment.

9. On or about August 17, 2017, White Knight entered into Lease Agreement Number 2247613 (the "Lease") with Ascentium to finance acquisition of equipment.

10. On or about February 8, 2019, White Knight entered into the Business Loan and Security Agreement Number 2350707(the "BLSA") with Ascentium to borrow money from Ascentium, securing the loan with White Knight's various assets as collateral.

11. In consideration for Ascentium providing credit to White Knight under the EFAs, the Lease, and the BLSA (individually each is an "Agreement" and collectively the "Agreements"), Guarantors unconditionally guaranteed the payment and performance when due of all obligations of White Knight under the Agreements.

12. As part of the Guaranty in each Agreement, the Guarantor agreed that Ascentium could—at Ascentium's election—initiate legal proceedings against Guarantors, without prior notice, to recover any amount owed following White Knight's default under any Agreement before proceeding against White Knight for the owed amount; and also that Guarantors will pay all expenses incurred in Ascentium's enforcing the Guaranty on top of the amounts owed under each Agreement.

13. White Knight failed to make its contractually obligated payments due as follows: BLSA 2350707 as of March 18, 2020; EFA 2408247 as of April 1, 2020; EFA 2242662 as of April 1, 2020; Lease 2247613 as of April 1, 2020; and EFA 2396184 as of April 15, 2020. White Knight has subsequently refused to pay other past due amounts under the Agreements, meaning the Agreements are in Default.

14. On September 24, 2020, Ascentium sent a letter to Defendants noting White Knight's default and Ascentium's choice, under the terms of the Agreements, to accelerate and declare the entire remaining balance of the Agreements immediately due and payable to Ascentium, discounted by the contractually agreed 3% per annum of the present value owed (the "Notice"). *See* Exhibit 1.

15. Defendants acknowledged receipt of the Notice, but have failed to remedy the default or make any of the required payments.

16. White Knight has, to date, surrendered some, but not all, of the collateral contemplated by the Agreements; and Ascentium has sold that recovered collateral, per the terms of the Agreements, to offset the balances due under the respective Agreement from which that collateral was pledged.

17. To date, Defendants—White Knight as contracting parties to the principal agreement and Guarantors as contracting parties under the Guaranty—jointly and severally owe Ascentium the aggregate amount of $239,260.42 as of September 24, 2020, payable immediately under the Agreements, plus thereafter accruing interest and other contractually applicable amounts.

18. The Agreements, including the Guaranties, are to be governed, construed, and enforced by agreement of the parties under the laws of the state of California, without reference to its principals of conflicts of laws.

## COUNT I
### (BREACH OF CONTRACT – EFA No. 2242662)

19. Ascentium re-alleges and incorporates herein by reference each of the allegations contained and set forth in paragraphs 1 through 18 above as if fully set forth herein.

20. On July 15, 2017, White Knight and Guarantors contractually entered into EFA Number 2242662 with Ascentium. *See* Exhibit 2.

21. White Knight's obligation to pay—or upon White Knight's default, Guarantors' obligation to pay—the amount owed under EFA No. 2242662's is non-cancelable, absolute and unconditional, and not subject to abatement, reduction, or set off.

22. White Knight has defaulted on its payment obligations under EFA No. 2242662 by failing to pay the required Payments due on the schedule set forth in that Agreement, and

under that Agreement's terms, the remaining balance owed under this Agreement has been accelerated to be due and payable to Ascentium immediately.

23. Guarantors contractually agreed in the Guaranty of EFA No. 2242662 that Ascentium could proceed against them before seeking any remedy from White Knight for default of that Agreement, without notice, for all amounts owed, discounted at 3% per annum, plus costs and attorneys' fees incurred to enforce the Guaranty in this Agreement, plus accrued interest at 1.5% per month, until the amount due is paid in full.

24. Ascentium sent the Notice on September 24, 2020, which detailed the $54,459.26 that Defendants now owe to Ascentium under EFA 2242662, inclusive of past due payments, late charges, return item charges, expenses incurred in repossession of collateral, default interest on past due amounts (at 1.5% per month), and future payments accelerated under the terms of the Agreement (discounted by 3% per annum of present value).

25. Despite receipt of the Notice of default, Defendants have refused and continue to refuse to pay the outstanding amount due under EFA No. 2242662.

26. As of September 24, 2020, interest continues to accrue and additional amounts may be due to the $54,459.26 total including without limitation costs and expenses of collection, including attorneys' fees, as provided for in the terms of EFA No. 2242662.

27. Defendants have materially breached EFA No. 2242662 and the Guaranty contained therein by, among other things, failing and refusing to make the payment to Ascentium detailed in Paragraph 24 above.

28. Ascentium has fulfilled all of its obligations under EFA No. 2242662 by, among other things, providing the Collateral contemplated in that Agreement to White Knight.

WHEREFORE, Ascentium prays that the Court enter judgment, jointly and severally, against Defendants in the principal amount of not less than $54,459.26, plus (a) additional amounts that continue to come due under EFA No. 2242662, (b) pre- and post-judgment interest at the rate authorized by that Agreement, (c) attorneys' fees and costs of collection as authorized by that Agreement, and (d) such other and further relief as the Court deems just and proper.

## COUNT II
### (BREACH OF CONTRACT – EFA No. 2396184)

29. Ascentium re-alleges and incorporates herein by reference each of the allegations contained and set forth in paragraphs 1 through 28 above as if fully set forth herein.

30. On November 7, 2019, White Knight and Guarantors contractually entered into EFA Number 2396184 with Ascentium. *See* Exhibit 3.

31. White Knight's obligation to pay—or upon White Knight's default, Guarantors' obligation to pay—the amount owed under EFA No. 2396184's is non-cancelable, absolute and unconditional, and not subject to abatement, reduction, or set off.

32. White Knight has defaulted on its payment obligations under EFA No. 2396184 by failing to pay the required Payments due on the schedule set forth in that Agreement, and under that Agreement's terms, the remaining balance owed under this Agreement has been accelerated to be due and payable to Ascentium immediately.

33. Guarantors agreed that Ascentium could proceed against them before seeking remedy from White Knight for default of EFA No. 2396184, without notice, for all amounts owed, discounted at 3% per annum, plus costs and attorneys' fees incurred to enforce the Guaranty in this Agreement, plus accrued interest at 1.5% per month, until the amount due is paid in full.

6

Case 2:20-cv-04215-NKL   Document 1   Filed 11/03/20   Page 6 of 13

34. Ascentium sent the Notice on September 24, 2020, which detailed the $120,237.46 that Defendants now owe, jointly and severally, to Ascentium under EFA No. 22396184, inclusive of past due payments, late charges, return item charges, expenses incurred in repossession of collateral, default interest on past due amounts (at 1.5% per month), and future payments accelerated under the terms of the Agreement (discounted by 3% per annum of present value).

35. Despite receipt of the Notice of default, Defendants have refused and continue to fail to pay the outstanding amount due under EFA No. 2396184.

36. As of September 24, 2020, interest continues to accrue and additional amounts may be due to the $120,237.46 total including without limitation costs and expenses of collection, including attorneys' fees, as provided for in the terms of EFA No. 2396184.

37. Defendants have materially breached EFA No. 2396184 and the Guaranty contained therein by, among other things, failing and refusing to make the payment to Ascentium detailed in Paragraph 34 above.

38. Ascentium has fulfilled all of its obligations under EFA No. 2396184 by, among other things, providing the Collateral contemplated in that Agreement to White Knight.

WHEREFORE, Ascentium prays that the Court enter judgment jointly and severally against Defendants in the principal amount of not less than $120,237.46, plus (a) additional amounts that continue to come due under EFA No. 2396184, (b) pre- and post-judgment interest at the rate authorized by that Agreement, (c) attorneys' fees and costs of collection as authorized by that Agreement, and (d) such other and further relief as the Court deems just and proper.

## COUNT III
## (BREACH OF CONTRACT – EFA No. 2408247)

39. Ascentium re-alleges and incorporates herein by reference each of the allegations contained and set forth in paragraphs 1 through 38 above as if fully set forth herein.

40. On December 10, 2019, White Knight and Guarantors contractually entered into EFA Number 2408247 with Ascentium. *See* Exhibit 4.

41. White Knight's obligation to pay—or upon White Knight's default, Guarantors' obligation to pay—the amount owed under EFA No. 2408247's is non-cancelable, absolute and unconditional, and not subject to abatement, reduction, or set off.

42. White Knight has defaulted on its payment obligations under EFA No. 2408247 by failing to pay the required Payments due on the schedule set forth in that Agreement, and under that Agreement's terms, the remaining balance owed under this Agreement has been accelerated to be due and payable to Ascentium immediately.

43. Guarantors agreed that Ascentium could proceed against them before seeking remedy from White Knight for default of EFA No. 2408247, without notice, for all amounts owed, discounted at 3% per annum, plus costs and attorneys' fees incurred to enforce the Guaranty in this Agreement, plus accrued interest at 1.5% per month, until the amount due is paid in full.

44. Ascentium sent the Notice on September 24, 2020, which detailed the $17,895.04 that Defendants now jointly and severally owe to Ascentium under EFA No. 2408247, inclusive of past due payments, late charges, return item charges, expenses incurred in repossession of collateral, default interest on past due amounts (at 1.5% per month), and future payments accelerated under the terms of the Agreement (discounted by 3% per annum of present value).

45. Despite receipt of the Notice of default, Defendants have refused and continue to refuse to pay the outstanding amount due under EFA No. 2408247.

46. As of September 24, 2020, interest continues to accrue and additional amounts may be due to the $17,895.04 total including without limitation costs and expenses of collection, including attorneys' fees, as provided for in the terms of EFA No. 2408247.

47. Defendants have materially breached EFA No. 2408247 and the Guaranty contained therein by, among other things, failing and refusing to make the payment to Ascentium detailed in Paragraph 44 above.

48. Ascentium has fulfilled all of its obligations under EFA No. 2408247 by, among other things, providing the Collateral contemplated in that Agreement to White Knight.

WHEREFORE, Ascentium prays that the Court enter judgment against Defendants, jointly and severally, in the principal amount of not less than $17,895.04, plus (a) additional amounts that continue to come due under EFA No. 2408247, (b) pre- and post-judgment interest at the rate authorized by that Agreement, (c) attorneys' fees and costs of collection as authorized by that Agreement, and (d) such other and further relief as the Court deems just and proper.

## COUNT IV
### (BREACH OF CONTRACT – LEASE No. 2247613)

49. Ascentium re-alleges and incorporates herein by reference each of the allegations contained and set forth in paragraphs 1 through 48 above as if fully set forth herein.

50. On August 17, 2017, White Knight and Guarantors contractually entered into the Lease with Ascentium. *See* Exhibit 5.

51. White Knight's obligation to pay—or upon White Knight's default, Guarantors' obligation to pay—the amount owed under the Lease is non-cancelable, absolute and unconditional, and not subject to abatement, reduction, or set off.

52. White Knight has defaulted on its payment obligations under the Lease by failing to pay the required Payments due on the schedule set forth in that Agreement, and under that Agreement's terms, the remaining balance owed under this Agreement has been accelerated to be due and payable to Ascentium immediately.

53. Guarantors agreed that Ascentium could proceed against them before seeking remedy from White Knight for default of the Lease, without notice, for all amounts owed, discounted at 3% per annum, plus costs and attorneys' fees incurred to enforce the Guaranty in this Agreement, plus accrued interest at 1.5% per month, until the amount due is paid in full.

54. Ascentium sent the Notice on September 24, 2020, which detailed the $65,265.37 that Defendants now jointly and severally owe to Ascentium under the Lease, inclusive of past due payments, late charges, return item charges, expenses incurred in repossession of collateral, default interest on past due amounts (at 1.5% per month), future payments accelerated under the terms of the Agreement (discounted by 3% per annum of present value), sales tax, and personal property tax.

55. Despite receipt of the Notice of default, Defendants have refused and continue to refuse to pay the outstanding amount due under the Lease.

56. As of September 24, 2020, interest continues to accrue and additional amounts may be due to the $65,265.37 total including without limitation costs and expenses of collection, including attorneys' fees, as provided for in the terms of the Lease.

57. Defendants have materially breached Lease No. 2247613 and the Guaranty contained therein by, among other things, failing and refusing to make the payment to Ascentium detailed in Paragraph 54 above.

58. Ascentium has fulfilled all of its obligations under the Lease by, among other things, providing the Equipment contemplated in that Agreement to White Knight.

WHEREFORE, Ascentium prays that the Court enter judgment against Defendants, jointly and severally, in the principal amount of not less than $65,265.37, plus (a) additional amounts that continue to come due under the Lease, (b) pre- and post-judgment interest at the rate authorized by that Agreement, (c) attorneys' fees and costs of collection as authorized by that Agreement, and (d) such other and further relief as the Court deems just and proper.

## COUNT V
### (BREACH OF CONTRACT – BLSA No. 2350707)

59. Ascentium re-alleges and incorporates herein by reference each of the allegations contained and set forth in paragraphs 1 through 58 above as if fully set forth herein.

60. On February 8, 2019, White Knight and Guarantors contractually entered into the BLSA with Ascentium. *See* Exhibit 6.

61. White Knight's obligation to pay—or upon White Knight's default, Guarantors' obligation to pay—the amount owed under the BLSA is non-cancelable, absolute and unconditional, and not subject to abatement, reduction, or set off.

62. White Knight has defaulted on its payment obligations under the BLSA by failing to pay the required Payments due on the schedule set forth in that Agreement, and under that Agreement's terms, the remaining balance owed under this Agreement has been accelerated to be due and payable to Ascentium immediately.

63. Guarantors agreed that Ascentium could proceed against them before seeking remedy from White Knight for default of the BLSA, without notice, for all amounts owed, discounted at 3% per annum, plus costs and attorneys' fees incurred to enforce the Guaranty in this Agreement, plus accrued interest at 1.5% per month, until the amount due is paid in full.

64. Ascentium sent the Notice on September 24, 2020, which detailed the $35,367.29 that Defendant's now owe jointly and severally to Ascentium under the BLSA, inclusive of past due payments, late charges, return item charges, and future payments accelerated under the terms of the Agreement (discounted by 3% per annum of present value).

65. Despite receipt of the Notice of default, Defendants have refused and continue to refuse to pay the outstanding amount due under the BLSA.

66. As of September 24, 2020, interest continues to accrue and additional amounts may be due to the $35,367.29 total including without limitation costs and expenses of collection, including attorneys' fees, as provided for in the terms of the BLSA.

67. Defendants have materially breached BLSA No. 2350707 and the Guaranty contained therein by, among other things, failing and refusing to make the payment to Ascentium detailed in Paragraph 64 above.

68. Ascentium has fulfilled all of its obligations under the BLSA by, among other things, providing the Personal Property contemplated in that Agreement to White Knight.

WHEREFORE, Ascentium prays that the Court enter judgment jointly and severally against Defendants in the principal amount of not less than $35,267.29, plus (a) additional amounts that continue to come due under the BLSA, (b) pre- and post-judgment interest at the rate authorized by that Agreement, (c) attorneys' fees and costs of collection as authorized by that Agreement, and (d) such other and further relief as the Court deems just and proper.

Respectfully submitted,

**LEWIS RICE LLC**

Dated: November 3, 2020

By: /s/ *John J. Hall*
John J. Hall, #41419
jhall@lewisrice.com
Joseph J. Trad, #32540
jtrad@lewisrice.com
T. Hunter Brown, #70634
hbrown@lewisrice.com
600 Washington Avenue, Suite 2500
St. Louis, MO 63101
314-444-7635 (Telephone)
314-612-5261 (Facsimile)

***Attorneys for Plaintiff***