EXHIBIT 2



# EQUIPMENT FINANCE AGREEMENT
## No. 2242662

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

| DEBTOR: | ADDRESS | TERM: |
|---|---|---|
| WHITE KNIGHT LIMOUSINE, INC. | 1500 JADE RD COLUMBIA, MO 65201 | 48 |

**PAYMENT SCHEDULE:** 48 @ $3,865.81

**COLLATERAL:** Items of personal property as generally described herein which Ascentium Capital LLC ("Secured Party") and Debtor agree that a more detailed description of the property being financed shall be maintained by us among our books and records in whatever more detailed description of the property financed is received from the supplier of such property and, absent manifest error, such detailed description shall be considered incorporated into this Equipment Finance Agreement and shall be provided to Debtor promptly upon request.

**Personal Property Description:** 2004 PREVOST, DDI FEES

**1. Definitions:** The words "you" and "your" refer to the DEBTOR, its successors and permitted assigns, as shown above. The words "we", "us" and "our" refer to the SECURED PARTY, its successors and assigns.

**2. Acceptance; Representations & Warranties:** We agree to lend to you, and you agree to borrow from us, an amount for the financing of the Collateral. This Equipment Finance Agreement (this "Agreement") has an interim term ("Interim Term") and an initial term ("Initial Term"). The foregoing, collectively, the "Term". The Interim Term starts on the date of the funding of the loan evidenced by this Agreement. The Initial Term starts on the billing date specified by us in our sole discretion (the "Commencement Date"). We shall have no obligations under this Agreement whatsoever until we accept and sign this Agreement at our office and the satisfaction in our sole discretion of all conditions we may specify including our receipt of all documents we specify. You represent and warrant to us that all information conveyed to us in connection with this Agreement and all related documents whether by you, a guarantor, the supplier or any other person, is true, accurate, complete and not misleading. If you are an entity, the person executing this Agreement on your behalf represents to us that they are authorized to do so, making this Agreement the valid and binding act of the entity.

**3. Security Interest:** You hereby grant to us a security interest under the Uniform Commercial Code ("UCC") in the Collateral and all accessories and additions thereto and replacements thereof and all proceeds and products of the foregoing. Such security interest is granted to secure payment and performance by you of your obligations hereunder. All amounts received from you under this Agreement shall be applied towards your obligations to us as we determine.

**4. Payments:** You promise to pay us the number of payments shown above, each in the amount shown above, commencing on the Commencement Date and continuing on the same day of each month thereafter during the Initial Term (each a "Payment", and each day a Payment is due hereunder a "Payment Date"), without need of an invoice, together with all other amounts due from time to time by you hereunder. The total initial payment shall be paid upon your execution of this Agreement. If the contemplated transaction is not consummated, the total initial payment may be retained by us as partial compensation for costs and expenses incurred by us in preparation for the transaction. The amount of each Payment is based upon the total estimated cost of the Collateral, or the portion thereof being purchased with the proceeds of the loan evidenced hereby, you have provided to us and which is set forth above. If the final cost of the Collateral (or the portion being purchased) we pay the supplier is higher or lower than that estimate, we will adjust the amount of each Payment proportionately higher or lower than the Payment amount specified above. You also agree to pay, when invoiced, an amount equal to 1/30th of the Payment amount for each day from and including the date we fund the loan evidenced by this Agreement, to but excluding the first Payment Date. Following the first Payment Date, the Term shall continue without interruption for the number of months indicated above. YOUR OBLIGATION TO MAKE PAYMENTS AND PAY OTHER AMOUNTS DUE HEREUNDER IS ABSOLUTE AND UNCONDITIONAL AND NOT SUBJECT TO ABATEMENT, REDUCTION OR SET-OFF FOR ANY REASON WHATSOEVER. THIS IS A NON-CANCELABLE AGREEMENT: THIS AGREEMENT, THE TERMS OF WHICH HAVE BEEN FREELY NEGOTIATED BY EACH PARTY, IS ALSO SUBJECT TO THE TERMS AND CONDITIONS ON THE FOLLOWING PAGE WHICH IS MADE PART HEREOF AND WHICH DEBTOR AND SECURED PARTY ACKNOWLEDGE THEY HAVE READ AND ACCEPTED.

**5. DISCLAIMER OF WARRANTIES AND CLAIMS; LIMITATION OF REMEDIES:** THERE ARE NO WARRANTIES BY OR ON BEHALF OF SECURED PARTY AND NEITHER THE SUPPLIER NOR ANY OTHER PARTY IS SECURED PARTY'S AGENT. DEBTOR ACKNOWLEDGES AND AGREES: (A) SECURED PARTY MAKES NO WARRANTIES WHETHER EXPRESS OR IMPLIED AS TO THE CONDITION OF THE COLLATERAL, ITS MERCHANTABILITY, ITS FITNESS FOR ANY PARTICULAR PURPOSE; (B) DEBTOR ACCEPTS THE COLLATERAL "AS IS" AND WITH ALL FAULTS; (C) DEBTOR AGREES THAT THE COLLATERAL WILL BE USED SOLELY FOR COMMERCIAL OR BUSINESS PURPOSES; (D) IF THE COLLATERAL IS UNSATISFACTORY FOR ANY REASON DEBTOR'S ONLY REMEDY, IF ANY, SHALL BE AGAINST THE SUPPLIER OR MANUFACTURER OF THE COLLATERAL AND NOT AGAINST SECURED PARTY; (E) DEBTOR SHALL HAVE NO REMEDY FOR CONSEQUENTIAL, INCIDENTAL, SPECIAL, PUNITIVE OR EXEMPLARY DAMAGES AGAINST SECURED PARTY, ALL OF THE SAME BEING DISCLAIMED AND WAIVED; AND (F) NO DEFECT, DAMAGE OR UNFITNESS OF THE COLLATERAL SHALL RELIEVE DEBTOR OF THE OBLIGATION TO MAKE PAYMENTS OR RELIEVE DEBTOR OF ANY OTHER OBLIGATION UNDER THIS AGREEMENT.

**6. Location; Maintenance; Installation; Insurance:** You agree to maintain records showing the location of each item of Collateral. You shall report each location to us upon our request and shall not change the location of the Collateral without our advance written consent. You are responsible for installing and keeping the Collateral in good working order. You shall not make any alterations, additions or improvements to the Collateral which detracts from its economic value or functional utility. If the Collateral is damaged or lost, you agree to continue making scheduled Payments unless we have received the Casualty Value pursuant to Section 11. You agree to keep the Collateral insured against loss during the Term and to have us named as loss payee in such coverage amounts as we may specify from time to time, from anyone who is acceptable to us. You agree to provide us with a certificate of insurance acceptable to us upon our request and if at any time you fail to deliver to us a valid certificate of insurance reflecting such insurance as being in effect, then we will have the right, but no obligation, to have such insurance protecting us placed for the Term at your expense; and if so placed, we will add to the Payments and you will pay us our costs of obtaining such insurance and any customary charges or fees of ours.

**7. Taxes and Fees; Indemnification:** You agree to pay when due and to indemnify and hold us harmless from all taxes, fees, fines, interest and penalties, including, without limitation, personal property or documentary stamp taxes, ("Taxes") relating to the use or ownership of the Collateral or to this Agreement now or hereafter imposed, levied or assessed by any taxing authority. We may in our sole discretion, elect to pay any such Taxes directly to a taxing authority and if so you agree to reimburse us on our demand for any such Taxes paid on your behalf together with any filing or processing fee charged by us. If any taxing authority requires any Taxes to be paid in advance, and we pay such Taxes, we may increase the cost of the Collateral we are financing by such amount as described in Section 4 above thereby increasing the amount of each Payment to reflect the payment of such Taxes. You also agree to pay us and reimburse us for all costs and expenses in documenting and servicing this Agreement. You agree to indemnify and hold us harmless from any suits, claims, losses or damages we suffer in any way relating to the use or ownership of the Collateral. Your obligations under this Section 7 shall survive the expiration or earlier termination of this Agreement. You agree to pay us fees in an amount in effect from time to time in connection with the documentation of the Agreement and any site inspection or lien search we deem necessary. You agree that all such fees and any insurance we obtain pursuant to the last sentence of Section 6 may not only cover our costs they may also include a profit.

**8. Personal Property:** The Collateral will be and shall remain personal property and, if requested by us, you will obtain real property waivers satisfactory to us. You shall keep the Collateral free from any and all liens and encumbrances other than those in our favor. You shall give us immediate notice of any attachment or other judicial process, liens or encumbrances affecting the Collateral. You hereby irrevocably authorize us and appoint us as your attorney-in-fact with the power to execute and to file this Agreement and any financing statement(s) or security agreement(s) with respect to the Collateral. If your signature on any financing statement or similar document is required by law, you shall execute such supplemental instruments and financing statements we deem to be necessary and advisable and shall otherwise cooperate to defend and perfect our interest in the Collateral by filing or otherwise. You also agree to pay us on demand filing and registration fees prescribed by the UCC or other law. Any Collateral that is subject to title or registration laws shall be titled and registered as directed by us.

**9. Default; Remedies; Late Charges:** If any one of the following events occur with respect to you or any Guarantor, you will be in default: (i) you fail to pay any Payment or other amount due under this Agreement, when due, (ii) you breach or fail to perform any of your other covenants and promises under this Agreement, (iii) you become insolvent, any action under the United States Bankruptcy Code is filed by or against you, make an assignment for the benefit of creditors, admit your inability to pay your debts as they become due, or if you terminate your entity existence or take any actions regarding the cessation or winding up of your business affairs. If you are in default, at our election, we can accelerate and require that you pay, as reasonable liquidated damages for loss of bargain, the "Accelerated Balance". The Accelerated Balance will be equal to the total of: (i) accrued and unpaid amounts then due under this Agreement, and (ii) the remaining Payments discounted to their then present value at 3% per annum. We can also pursue any of the remedies available to us under the UCC or any other law. In the event we seek to take possession of any part of the Collateral, you irrevocably waive to the fullest extent permitted by law any bonds, surety or security required by statute, court rule or otherwise as an incident of such possession. You agree to pay our reasonable attorneys' fees and actual costs incurred by us in enforcing our rights hereunder including repossession, storage, refurbishment and sale of the Collateral and collection costs, and all non-sufficient funds charges and similar charges. If any part of a payment is late, you agree to pay us upon our demand the following, or if less, the maximum amount allowed under applicable law: (x) a late charge equal to the greater of 10% of the payment or $25.00, (y) a charge of $30.00 for each check returned for any reason or if any ACH debit charge is not honored and (z) if we have had to perform collection activities in connection with such late payment, our specified collection charges then in effect. The foregoing will not be construed as interest but as reimbursement to us to cover administrative and overhead expenses related to the processing and collection of the late payment.

1291-20161202

Page 1 of 2

EXHIBIT 2

**10. Assignment; Inspection:** YOU HAVE NO RIGHT TO SELL, TRANSFER, ASSIGN, LEASE OR ENCUMBER THE COLLATERAL OR THIS AGREEMENT. We may sell, transfer, assign or encumber this Agreement, in whole or in part, without notice to you or your consent. You agree that if we sell, transfer, assign or encumber this Agreement, the assignee will have the rights and benefits that we assign to the assignee and will not have to perform any of our obligations. You agree that the rights of the assignee will not be subject to any claims, defenses or set-offs that you may have against us. We and our agents and representatives shall have the right at any time during regular business hours to inspect the Collateral and for that purpose to have access to the location of the Collateral.

**11. Risk of Loss:** You assume and shall bear the entire risk of loss, theft, damage and destruction of the Collateral from any cause whatsoever, and no loss, theft, damage or destruction of the Collateral shall relieve you of the obligation to make Payments or any other obligation under this Agreement. You shall promptly notify us in writing of such loss, theft, damage or destruction. If damage of any kind occurs to any item of Collateral, you, at our option, shall at your expense (a) place the Collateral in good repair, condition or working order, or (b) if the Collateral cannot be repaired or is lost, stolen or suffers a constructive loss under an insurance policy covering the Collateral, pay to us the "Casualty Value." The Casualty Value will be equal to the total of (i) accrued and unpaid amounts then due and owing, and (ii) the remaining Payments discounted to present value at 3%, in both cases as of the date the Casualty Value is received by us.

**12. Choice of Law; Waiver of Jury Trial:** Subject to the following sentence, this Agreement shall be governed by, construed, interpreted and enforced in accordance with the laws of the state of California. If any amount contracted for, charged or received in connection with this Agreement constitutes interest or regulated time-price differential governed by, not exempt from, and in excess of amounts lawfully permitted, under California law (the "Subject Amount"), then (i) if the law of state in which Debtor resides (as indicated in Debtor's address above; the "Debtor's State") would permit the lawful contracting for, charging or receipt of any part of the Subject Amount, then the parties agree that the law of Debtor's State shall govern as to the contracting for, charging and receipt of such interest or regulated time-price differential and (ii) if clause (i) preceding is not applicable, Secured Party shall make any necessary adjustments so as to eliminate such excess. Debtor agrees to provide Secured Party advance written notice and an opportunity to cure pursuant to the preceding sentence any contract, charge or receipt claimed by Debtor to be unlawful; and Secured Party may calculate maximum lawful amounts by amortizing, prorating, allocating reallocating, discounting, treating months as equal intervals, and spreading in each case to the fullest extent permitted by applicable law. You consent to the non-exclusive jurisdiction of the federal and state courts located in the state of California in any action or proceeding relating to this Agreement, YOU WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY SUCH ACTION OR PROCEEDING, AND YOU WAIVE ANY RIGHT TO ASSERT THIS IS AN INCONVENIENT FORUM.

**13. Miscellaneous:** During the Term, you agree to provide us with all financial statements and copies of tax returns we may request. If we supply you with labels, you shall label any and all Collateral and shall keep the same affixed in a prominent place. If any provision hereof or any remedy herein provided is found to be invalid under any applicable law, the remaining provisions hereof, shall be given effect in accordance with the manifest intent hereof. The parties agree that each Payment includes interest. You agree that a waiver of breach will not be a waiver of any other subsequent breach, and that any delay or failure to enforce our rights under this Agreement does not prevent us from enforcing any rights at a later time. YOU AGREE THAT WE WILL NOT BE LIABLE FOR ANY CONSEQUENTIAL OR INCIDENTAL DAMAGES FOR ANY DEFAULT BY US UNDER THIS AGREEMENT. Section headings are for convenience and are not a part of this Agreement. You agree that by providing us with an email address or telephone number for a cellular or other wireless device, you expressly consent to receiving communications including email, voice and text messages from us or our affiliates or assigns at that email address or telephone number, and this express consent applies to each such email address or telephone number that you provide to us now or in the future and permits such communications regardless of their purpose. These calls and messages may incur access fees from your internet or wireless provider. You agree that the original of this Agreement may be electronically duplicated and a copy hereof may be introduced in lieu of the original thereof and without further foundation. The parties hereto expressly waive the secondary evidence rule. You agree that this Agreement will be binding upon your successors, permitted assigns, heirs and legal representatives. You authorize us to complete any blank in this instrument or in any document executed or delivered in connection herewith that contemplates a date by inserting a date deemed appropriate by us. Time is of the essence with respect to your obligations hereunder. No term or provision of this Agreement may be amended, altered, waived or discharged except by a written instrument signed by both parties to this Agreement. Any formal notice given pursuant to this Agreement shall be deemed given 2 business days after being placed with the U.S. Postal Service, postage prepaid, addressed to the Debtor at its address set forth above, or to Secured Party at 23970 Hwy 59 N, Kingwood, TX 77339-1535, or such other address as a party may designate by written notice to the other. If Debtor constitutes more than one person, you agree that the liability of each such person hereunder is joint and several. Any restrictive endorsement on any check you give us in payment of any amount due hereunder shall be void. You may not prepay this Agreement without our prior written consent. A facsimile or other copy of this Agreement, as executed, shall be deemed the equivalent of the originally executed copy for all purposes. All amounts payable hereunder by you if not paid when due shall accrue interest at a rate of interest of 1.5% per month or the highest rate allowed by applicable law if less, from the due date thereof until received by us in cash and shall be payable on demand. This Agreement may be executed in separate counterparts which together shall constitute one and the same instrument. You agree this Agreement may be signed electronically pursuant to the Electronic Signatures in Global and National Commerce Act and other applicable law.

By signing below Debtor hereby irrevocably accepts the Collateral under this Agreement and irrevocably authorizes Secured Party to pay the supplier on behalf of the Debtor. The person executing this Agreement is authorized to do so, making this Agreement the valid and binding act of the Debtor.

| Debtor Name: | WHITE KNIGHT LIMOUSINE, INC. | Accepted By: | Ascentium Capital LLC |
|---|---|---|---|
| By: | *Ted J. Littell* | By: | *Bryan Wheeler* |
| Printed Name and Title: | TED LITTELL, President | Printed Name and Title: | Bryan Wheeler, Senior Vice President |

**GUARANTY:** The undersigned ("you", "your", jointly and severally if more than one) unconditionally guarantees to Secured Party and its assigns the prompt payment and performance when due of all of the obligations of the Debtor under the Agreement and all related documents executed by the Debtor in connection with it (collectively with the Agreement, the "Agreements"). We shall not be obligated to proceed against the Debtor, the property being financed under the Agreements or enforce any other remedy before proceeding against you to enforce this Guaranty. Notwithstanding any changes made to the Agreements in the course of our dealings with the Debtor, this Guaranty will remain in effect with respect to the Agreements as so changed even if you are not notified of the changes and will remain in effect even if the Agreements or any of them are no longer enforceable against the Debtor. You waive all presentments, demand for performance, notices of protest, notices of dishonor, notices of acceptance of this Guaranty and all other notices to which you may have a right. You agree to pay us all the expenses incurred by us in enforcing this Guaranty. You may not assign this Guaranty without our written consent. This Guaranty shall be governed by, construed, interpreted and enforced in accordance with the laws of the state of California without reference to its principles of conflicts of laws. You consent to the non-exclusive jurisdiction of the federal and state courts located in the state of California in any action to enforce this Guaranty and you waive any right to assert this is an inconvenient forum. You consent to us conducting a credit evaluation of you from all sources, periodically updating it and sharing the results with others. This Guaranty may be executed in separate counterparts which together shall constitute one and the same instrument.

| Guarantor Signature: | *Ted J. Littell* | Printed Name: | TED LITTELL |
|---|---|---|---|
| Guarantor Signature: | *Tim Littell* | Printed Name: | TIMOTHY LTTELL |

**AUTHORIZATION FOR ACH PAYMENTS:** Debtor authorizes Secured Party or Secured Party's successors and assigns to automatically initiate and make debit entry charges to Debtor's bank account indicated below for the payment of all amounts owed by you from time to time under the Agreement. This Authorization is to remain in effect during the Term of the Agreement and Debtor acknowledges that a revocation of this authority shall be an event of default under the Agreement. Any incorrect charge will be corrected upon notification to us, by either a credit or debit to Debtor's account.

| Bank Name: | Central Bank of Wamensbug | Account Holder Name: | White Knight Limousine Inc |
|---|---|---|---|
| Account No: | 0204 854 | ABA No.: | 101 904 911 |
| Authorized Signature: | *Ted* | Printed Name and Title: | TED Littell President |

**EXHIBIT 2**



**AUTHORIZATION TO PERFORM VERBAL VERIFICATION**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

## Agreement No. 2242662

The undersigned hereby authorizes Ascentium Capital LLC to perform a verbal verification accepting the terms and conditions of the above-referenced Agreement and confirming the identification and condition of the Collateral or Equipment subject thereto.

The undersigned agrees that a facsimile or other image of this Authorization to Perform Verbal Verification, as executed, shall be deemed the equivalent of the originally executed copy for all purposes.

Person(s) Authorized to Provide Verbal Verification:

| Name: | _____ | Title: | _____ | Phone: | _____ |
|---|---|---|---|---|---|
| Name: | _____ | Title: | _____ | Phone: | _____ |
| Name: | _____ | Title: | _____ | Phone | _____ |

**CUSTOMER: WHITE KNIGHT LIMOUSINE, INC.**

**Signature:** _Ted C. Littell_

**Printed Name:** TED LITTELL

**Title:** President     **Date:** 7-12-17

251-20160830

EXHIBIT 2

# *Busforsale.com, llc.*

## Power of Attorney to Transfer Motor Vehicle Title

Please be advised that John Spellings is the owner of Busforsale.com and does have the authorization to sign the vehicle title or Power of Attorney to Transfer Motor Vehicle Title for the **2004 Prevost H3 VIN#2PCH3349141014780.**

Sincerely,

_Johnny Williams_ (signature)

Johnny Williams

7/24/17
Date

STATE of TENNESSEE COUNTY of SUMNER

On this day, personally appeared before me, **Johnny Williams**, to me known to be the person described in and who executed the within and foregoing instrument, and acknowledged that he signed the same as his voluntary act and deed, for uses and purposes therein mentioned.

Witness my hand and official seal hereto affixed.
This 24th day of July, 2017.

_(signature)_

Notary Public in and for the State of TENNESSEE.

My Commission Expires:     1/29/18

*(Notary seal: SHERRI A. MEARS, STATE OF TENNESSEE, NOTARY PUBLIC, SUMNER COUNTY)*

Busforsale.com, llc. * 813 Louisville Highway * Goodlettsvillw, TN 37072
Tel. (615) 859-1998 * Fax (615) 859-1995 * Email: spellings@busforsale.com

EXHIBIT 2



**POWER OF ATTORNEY**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

**Agreement No. 2242662**

**KNOW ALL MEN BY THESE PRESENTS:**

That the undersigned <u>WHITE KNIGHT LIMOUSINE, INC.</u> being the buyer, seller, registered owner, legal owner or owner of the following described vehicle:

| | |
|---|---|
| **Manufacturer:** | PREVOST |
| **Model:** | |
| **Model Year:** | 2004 |
| **Type:** | TITL - Limousine |
| **VIN or Serial Number:** | 2PCH3349141014780 |

does hereby irrevocably constitute and appoint <u>Ascentium Capital LLC</u>, its successors and assigns, the undersigned's true and lawful attorney-in-fact, with full power of substitution, to sign in the name place and stead of the undersigned any document and take any action, in either case in any way related to the titling, registration or financing of the above-described vehicle ("Vehicle") as the said Attorney shall in its sole discretion determine, including, without limitation, executing vehicle titles and applications for registration issued by or relating to the Division of Motor Vehicles of the state or other jurisdiction where the Vehicle is titled and/or registered to transfer title to or the registration of the Vehicle. The undersigned hereby ratifies and confirms the actions of the said Attorney taken pursuant to this Power of Attorney.

IN WITNESS WHEREOF, the undersigned does hereby set the undersigned's hand this _____ day of _____, 20__.

| | |
|---|---|
| **Signed:** | _T̶o̶d̶ ̶L̶_ |
| **Printed Name:** | TED LITTELL |
| **Title:** | President |

<u>11-1- 1969</u>
**(Date of birth)**

<u>K 068 3/900 T</u>
**(Drivers license number)**

Subscribed and sworn to before me this __13__ day of __July__, 20_17_

_Susan Ripley_
(Notary Public)

Notary Public of the State of: __MO__

My Commission Expires: __12·15·19__

(Affix notary seal below)

SUSAN RIPLEY
Notary Public - Notary Seal
STATE OF MISSOURI
County of Boone
My Commission Expires 12/15/2019
Commission # 11498188

541-20160217

EXHIBIT 2



**LIMITED POWER OF ATTORNEY**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

**Agreement No. 2242662**

I, <u>WHITE KNIGHT LIMOUSINE, INC.,</u> hereby name and appoint
(Name of Purchaser)

An Agent of <u>**Wolters Kluwer Lien Solutions**</u> to act for me, in applying for an original or duplicate certificate of title, to register, transfer title, or record a lien to the motor vehicle, mobile home or vessel described below, and to print my name and sign their name, in my behalf. My attorney-in-fact can also do all things necessary to the application or any other related instrument and to bind me in as sufficient a manner as I myself could do, were I personally present and signing the same.
With full power of substitution and revocation, I hereby ratify and confirm whatever my said attorney-in fact may lawfully do or cause to be done in the virtue hereof.

**Vehicle Year:** 2004
**Vehicle Make:** PREVOST
**Vehicle Identification Number:** 2PCH3349141014780

TED LITTELL  (Signature of Owner/Registrant/Grantor)

Sworn to (or affirmed) and subscribed before me this _____13_____ day of ___July___, 20_17_

(Seal)

_____
(Signature of Notary)

**THIS FORM IS INVALID WITHOUT NOTARIZATION**

SUSAN RIPLEY
Notary Public - Notary Seal
STATE OF MISSOURI
County of Boone
My Commission Expires 12/15/2019
Commission # 11498188

EXHIBIT 2

**VEHICLE OWNER:**
OWNER NAME: WHITE KNIGHT LIMOUSINE, INC.
OWNER ADDRESS: 1500 JADE RD, COLUMBIA, MO 65201

**POWER OF ATTORNEY GRANTED TO:**
Full Legal Name: Decision Dynamics, Inc.
Address: 1324 N. Lake Drive, Lexington, SC 29072

**VEHICLE INFORMATION**
VEHICLE MAKE: PREVOST
BODY TYPE:
MODEL YEAR: 2004
VIN #: 2PCH3349141014780

I/We, being the owner(s) of the motor vehicle described above, by these presents do make, constitute, and appoint the person named above true and lawful attorney-in-fact to sign in my/our name, place, and stead any Certificate of Title, or other supporting papers, covering said motor vehicle, in whatever manner necessary to register and/or transfer ownership of said motor vehicle; and I/we do hereby grant unto said attorney-in fact full authority and power to do and perform any and all other acts necessary or incidents to the execution of the powers herein expressly granted, as the grantor might or could do if personally present, with full power of substitution. I/We further certify and affirm that, to the best of our knowledge, all information presented in this form is true and correct, that, to the best of our knowledge, any documents I/we have presented to DMV are genuine, and that, to the best of our knowledge, the information included in all supporting documentation is true and accurate.

OWNER SIGNATURE: _____
DATE: 7-13-17

Subscribed and sworn to before me this 13 day of July, 20 17
_____ (Notary Public)
Notary Public of the State of: MO
My Commission Expires: 12-15-19

(Affix notary seal below)

SUSAN RIPLEY
Notary Public - Notary Seal
STATE OF MISSOURI
County of Boone
My Commission Expires 12/15/2019
Commission # 11498188

031-20160713

**EXHIBIT 2**



**COMMENCEMENT AGREEMENT**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

## Agreement No. 2242662

Date: July 12, 2017

You, the Customer, and Ascentium Capital LLC ("we", "us", "our") have entered into the above referenced equipment lease, equipment finance agreement, secured loan or similar agreement (which may be one or more schedules to a master agreement) ("Agreement") pursuant to which we will be financing the Equipment or Collateral as defined in and described in the Agreement (in either case "Equipment") as set forth in this Commencement Agreement ("CA"). The Equipment is being delivered at various times and the vendor or vendors of the Equipment have to be paid for each item of Equipment at or before its delivery to you. You agree to commence the initial non-cancelable term of the Agreement immediately even though items of Equipment remain to be delivered to and accepted by you from one or more vendors.

**NOW THEREFOR, you and we hereby agree as follows:**

1. The term of the Agreement will commence on the date of this CA, with the interim term commencing on the date set forth above and the initial term commencing as provided in the Agreement. You acknowledge and agree that notwithstanding the fact that not all items of Equipment have been delivered to and accepted by you as of the date set forth above, the terms and conditions of the Agreement, including your obligation to pay all amounts of rent or debt service set forth in the Agreement, shall commence immediately and, except as otherwise specifically set forth in this CA, irrevocably.

2. You agree to inspect and accept for purposes of the Agreement all undelivered items of Equipment immediately upon their delivery to you. If, when delivered, an item of Equipment is damaged or non-conforming, you agree to cause the vendor in question to repair and/or replace any such item of Equipment and you agree to immediately accept any conforming replacement and/or repaired Equipment for all purposes under the Agreement while continuing to meet all of your payment and other obligations under the Agreement.

3. All amounts anticipated to be disbursed by us on your behalf that have not been disbursed as of the date of this CA will be deemed disbursed by us into a separate holding account for your benefit ("Account"), the contents of which shall be debited by the amount of each subsequent disbursement to vendor(s) as contemplated by this CA. To secure your obligations to us under the Agreement and this CA, you hereby grant to us a security interest in the contents of the Account and any proceeds.

4. The Agreement contemplates a pro-rata adjustment to the payments owed by you under the Agreement in the event the purchase price of the Equipment and other amounts, if any, paid by us on your behalf are higher or lower than those on which the payments set forth in the Agreement are based. Following the delivery and acceptance of all items of Equipment set forth in the Agreement, we shall make any necessary adjustments to the payments as contemplated by the Agreement. You agree that we will have no liability to you in the event we determine to terminate the funding of any vendor because we have determined, in our sole discretion, that there has been a material adverse change in your creditworthiness from that on which we based our approval of the Agreement. In any circumstance contemplated by the preceding sentence, we will continue the Agreement with the Equipment accepted by you and funded by us as of the date we determine to terminate funding the Agreement and we will reduce the amount of each payment of rent or debt service you owe under the Agreement proportionally, taking into account the higher payments made by you up to the date of that determination and any balance in the Account shall revert to us.

5. This CA sets forth the entire agreement of the parties with respect to its subject matter and it may only be amended by a written instrument executed by you and us. In the event of a conflict between this CA and the terms of the Agreement, the terms of this CA shall govern and control, provided however, except as explicitly set forth in Section 4 above, nothing set forth in this CA shall be deemed to affect your obligation to pay and perform all of your obligations as set forth in the Agreement without setoff, abatement or counterclaim. This CA shall terminate and be of no further force and effect following your acceptance and our funding of the last item of Equipment being financed under the Agreement. This CA will be governed by and construed in accordance with the laws of the jurisdiction governing the Agreement.

You agree that a facsimile or other copy of this CA, as executed, shall be deemed the equivalent of the originally executed copy for all purposes.

| CUSTOMER: | WHITE KNIGHT LIMOUSINE, INC. | SECURED PARTY: | Ascentium Capital LLC |
|---|---|---|---|
| Signature: | ⊠ _Ted L___ | By: | _Bryan L Wheeler___ |
| Printed Name: | TED LITTELL | Printed Name: | Bryan Wheeler |
| Title: | President | Title: | Senior Vice President |

EXHIBIT 2



**DELIVERY AND ACCEPTANCE CERTIFICATE**

Ascentium Capital LLC
23970 HWY 59 N
Kingwood, TX 77339-1535
AscentiumCapital.com

**Agreement No. 2242662**

To:     Ascentium Capital LLC

The undersigned hereby certifies: (i) that all of the property which is to be leased, financed or sold, as applicable, pursuant to the rental agreement, lease agreement, equipment finance agreement, note, security agreement, loan and security agreement, conditional sale agreement or similar document referenced above (which may be one or more schedules to a master agreement) (the "Agreement") between Ascentium Capital LLC as payee, lessor, lender, secured party or seller and the undersigned as renter, lessee, debtor, buyer or other obligor (the "Equipment"), has been delivered to, and received by, the undersigned, (ii) the Equipment conforms in all respects to that ordered by the undersigned, (iii) its condition is satisfactory in all respects to the undersigned and (iv) that the Equipment is accepted by the undersigned under the Agreement in all respects, and the undersigned hereby irrevocably directs Ascentium Capital LLC to pay the equipment suppliers the purchase price of the Equipment.

The undersigned agrees that a facsimile or other copy of this Delivery and Acceptance Certificate, as executed, shall be deemed the equivalent of the originally executed copy for all purposes. By executing this Delivery and Acceptance Certificate the undersigned irrevocably acknowledges and agrees that the undersigned's non-terminable installment payment and other obligations under the Agreement have commenced.

**CUSTOMER: WHITE KNIGHT LIMOUSINE, INC.**

| | |
|---|---|
| **Signature:** | _Ted Littell_ |
| **Printed Name:** | TED LITTELL |
| **Title:** | President |
| **Date Signed:** | 7-12-17 |

371-20161010

**EXHIBIT 2**





ORIGINAL CHECK HAS A COLORED BACKGROUND PRINTED ON CHEMICAL REACTIVE PAPER - SEE BACK FOR DETAILS

**White Knight Limousine, Inc.**
1500 Jade Rd.
Columbia, Mo. 65201

Central Bank of Warrensburg
401 N. Maguire
Warrensburg, MO 64093

**EXHIBIT 2**

9780

7-12-17

PAY TO THE
ORDER OF  Ascentium Capital                                    $ 4,160.81/100

Four thousand One hundred Sixty dollas + 81/100                              DOLLARS

MEMO  224266z

_____
AUTHORIZED SIGNATURE

⑈00009780⑈ ⑆101904911⑆ 0204854⑈

White Knight Limousine, Inc.                                          9780



Sent P/P
7/25/17

White Knight Limousine, Inc.                                          9780

PAYMENT RECORD

REORDER FROM: ADVANTAGE LASER PRODUCTS 1-800-722-2804 - WWW.ADVLASER.COM - Job # 7805

EXHIBIT 2

*Busforsale.com*
*813 Louisville Hwy*
*Goodlettsville, TN 37072*
*615-859-1998*
*Fax 615-859-1995*

## Closing Statement

| | | | |
|---|---|---|---|
| Buyer's Name | **White Knight Limousine, Inc** | Date | **7/10/2017** |
| Address | **1500 Jade Rd** | Phone | **573-219-2215** |
| City/State/Zip | **Columbia, MO 65201** | Cell Phone | |
| Veh Name | **Hope** | Color | **Dark Orange** |
| Yr/Make/Model | **2004 Prevost H3** | Odometer | **236,533** |
| VIN# | **2PCH3349141014780** | | |

### TRADE-IN INFORMATION

Name of Bus _____
Yr/Make/Model _____
Odometer _____
VIN# _____

| | | | |
|---|---|---|---|
| Price | **$160,000.00** | | |
| Paint | | | |
| Svc/Repairs | | | |
| TOTAL | **$160,000.00** | | |
| Trade-In | | | |
| Total Less Trade | | | |
| Doc Fee | **$350.00** | | |
| Sales Tax | | | |
| Business Tax | **$480.00** | | |
| Trade-In Payoff | | | |
| Total Price | **$160,830.00** | | |
| Deposit | **-$1,000.00** | | |
| Amount Due | **$159,830.00** | | |

### FUNDS COLLECTED:

| Date | Amount | Via |
|---|---|---|
| 7/7/2017 | $1,000.00 | |

### FUNDS PAID OUT:

| Date | Amount | Via |
|---|---|---|
| | | |

I hereby agree to guarantee payment of all charges incurred from this sale and any subsequent charges associated with payment thereof, including attorney fees. I waive the right to claim execution on my real and personal property.

_____
Signature of Salesman

_____
Signature of Buyer

Rev 170710
BFS Sales Closing Form-Littell-Hope

**EXHIBIT 2**

# Wiring Instructions for Busforsale.com

**First Tennessee Bank**
**Gallatin/Hendersonville Branch**
**(615) 822-4900**
**Account Name: Busforsale.com**
**Account Number: 172011435**
**Routing Number: 084000026**

EXHIBIT 2



# Your Application for Financing is Approved

| Finance Agreement<br>**2242662**<br><br>Prepared On July 12, 2017 | Prepared For<br>**WHITE KNIGHT LIMOUSINE, INC.**<br>1500 JADE RD<br>COLUMBIA, MO 65201 | Financing Provided By<br>**Ascentium Capital LLC**<br>23970 HWY 59 N<br>Kingwood TX 77339 |

Enclosed is your Finance agreement. The below instructions will help you complete your documents:

✓ Include a copy of your driver's license (all signors).
✓ Include a copy of your business check payable to Ascentium Capital LLC for the below invoice amount. Please write your agreement number on the memo line. This check copy will be used to initiate payment via ACH/EFT withdrawal. Do not mail the original check.
✓ Send completed cover page and documents to Ascentium Capital, 23970 Highway 59 North, Kingwood TX 77339. Documents cannot be returned via Email or Fax.

### Please Complete Signor Information for TED LITTELL

| Cell Phone: | | Home Phone: | 573-219-2215 |
|---|---|---|---|
| Email: | TEDWKL@HOTMAIL.COM | | |
| Federal Tax ID: | 43-1639064 | | |
| Equipment Location:<br>(Please update if incorrect) | 1500 JADE RD, COLUMBIA, MO 65201<br><br>Updated address: | | |

| INVOICE AMOUNT | INVOICE DETAILS |
|---|---|
| $3,865.81 | Advanced Payment Amount |
| $295.00 | Processing Fee(s) |
| | |
| | |
| $0.00 | Less Money Received |
| $4,160.81 | TOTAL AMOUNT DUE AT SIGNING |

Ascentium Capital greatly appreciates your business. If you have any questions, please contact me.

Ed Felix
Phone: 281.902.1958
Email: EdFelix@AscentiumCapital.com.

391-20170119

x2072

EXHIBIT 2

# STATE OF MISSOURI
## CERTIFICATE OF TITLE

00757GA552          ORIGINAL          TITLE NUMBER
**TRP00651**

| VEHICLE IDENTIFICATION NUMBER | YEAR | MAKE | BODY STYLE |
|---|---|---|---|
| *2PCH3349141014780* | **2004** | **PREV** | **BUS** |

| HP | PREVIOUS STATE | MILEAGE AT TIME OF TRANSFER | TAX | PURCHASE DATE | DATE ISSUED |
|---|---|---|---|---|---|
| | AL | * | EX 15 | 07/25/2017 | 09/12/2017 |

OWNER  WHITE KNIGHT LIMOSINE INC
1500 JADE RD
COLUMBIA                    MO 65201

MAIL TO  0002-002

ASCENTIUM CAPITAL LL
23970 HIGHWAY 59 N
KINGWOOD TX  77339-1535

*22426662*

VEHICLE SUBJECT TO FOLLOWING LIEN(S)

**Lien release** - To release any lien shown on the face of this title, the lienholder must complete a **notarized** Lien Release (DOR-4809) to be attached to this title before the purchaser applies for a Certificate of Title.

FIRST LIEN                LIEN DATE
ASCENTIUM CAPITAL LL      07/25/2017
23970 HIGHWAY 59 N
KINGWOOD
TX   77339

SECOND LIEN               LIEN DATE

Any person who knowingly and intentionally submits a separate document releasing a lien of another without authority to do so shall be guilty of a class C felony. (301.640 RSMo)

BUYER ON REVERSE SIDE MUST TITLE IN 30 DAYS TO AVOID PENALTY

MILEAGE STATEMENT
*EXEMPT FROM MILEAGE REQUIREMENTS
EFFECTIVE 1/1/06 YOU MUST SUBMIT A NOTICE OF SALE
TO THE DEPARTMENT OF REVENUE WITHIN 30 DAYS OF
SELLING THIS VEHICLE.

22963133

*Joel Walters*
DIRECTOR OF REVENUE   DOR-387 (04/2017)

ANY ALTERATION OR ERASURE VOIDS THIS TITLE

**INSTRUCTIONS:** Federal law (and state law, if applicable) requires that all sellers state the mileage in connection with the transfer of ownership. Failing to complete or providing a false statement may result in fines and/or imprisonment.

**ALL** owners (sellers) on the face of the title and purchasers must sign and hand print their names after the purchaser(s) name, lienholder, sale price, trade-in if applicable, net price, date of sale, and mileage spaces are completed. If purchaser/seller is an agent/officer of a firm, record official position after printed name. If assigning a junking certificate, the odometer disclosure, seller's printed name(s), and purchaser(s) printed name and signature are not required.

**WARNING:** Alterations, erasures or mistreatment will void this title/certificate.

**ASSIGNMENT OF TITLE:** I/We hereby assign and warrant certificate of title of the vehicle described on the front of this certificate of title subject to the following lien(s) or encumbrance(s); if any, and none other, I/We further certify the accuracy of the sale price and mileage as specified below, when applicable.

**LIENHOLDERS:** Recording your lien below does not perfect your lien. See http://dor.mo.gov/motorv/liendeal/ for lien perfection requirements.

**ASSIGNMENT**

| PURCHASER(S) NAME (PRINTED OR TYPED) | | | SALE PRICE $ |
| ADDRESS | | | TRADE-IN $ |
| DATE OF SALE | MODEL | DEALER NUMBER OF SELLER | NET PRICE $ |
| ODOMETER READING (NO TENTHS) | I state that the odometer now reads the aforementioned miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described herein, unless one of the following statements is checked. | | ☐ MILEAGE IN EXCESS OF ITS MECHANICAL LIMITS ☐ MILEAGE READING IS NOT ACTUAL (WARNING-ODOMETER DISCREPANCY) |
| SIGNATURE OF ALL PURCHASER(S) | | SIGNATURE OF ALL SELLER(S) | |
| HAND PRINTED NAME(S) BY PURCHASER(S) (AGENT/POSITION) | | HAND PRINTED NAME(S) BY SELLER(S) (AGENT/POSITION) | |

**REASSIGNMENT BY REGISTERED DEALER**

| PURCHASER(S) NAME (PRINTED OR TYPED) | | | SALE PRICE $ |
| ADDRESS | | | TRADE-IN $ |
| DATE OF SALE | MODEL | DEALER NUMBER OF SELLER | NET PRICE $ |
| ODOMETER READING (NO TENTHS) | I state that the odometer now reads the aforementioned miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described herein, unless one of the following statements is checked. | | ☐ MILEAGE IN EXCESS OF ITS MECHANICAL LIMITS ☐ MILEAGE READING IS NOT ACTUAL (WARNING-ODOMETER DISCREPANCY) |
| SIGNATURE OF ALL PURCHASER(S) | | SIGNATURE OF ALL SELLER(S) | |
| HAND PRINTED NAME(S) BY PURCHASER(S) (AGENT/POSITION) | | HAND PRINTED NAME(S) BY SELLER(S) (AGENT/POSITION) | |

## THE REASSIGNMENTS BELOW CAN NOT BE USED FOR A SALVAGE CERTIFICATE OF TITLE.

**REASSIGNMENT BY REGISTERED DEALER**

| PURCHASER(S) NAME (PRINTED OR TYPED) | | | SALE PRICE $ |
| ADDRESS | | | TRADE-IN $ |
| DATE OF SALE | MODEL | DEALER NUMBER OF SELLER | NET PRICE $ |
| ODOMETER READING (NO TENTHS) | I state that the odometer now reads the aforementioned miles and to the best of my knowledge that it reflects the actual mileage of the vehicle described herein, unless one of the following statements is checked. | | ☐ MILEAGE IN EXCESS OF ITS MECHANICAL LIMITS ☐ MILEAGE READING IS NOT ACTUAL (WARNING-ODOMETER DISCREPANCY) |
| SIGNATURE OF ALL PURCHASER(S) | | SIGNATURE OF ALL SELLER(S) | |

---

*(The following portion of the page is printed upside-down.)*

DOR-5049A (08/2015)

**SELLER MUST SUBMIT TO DEPARTMENT OF REVENUE. SEE REVERSE SIDE.**

| SELLER NAME AND SIGNATURE (REQUIRED) | DEALER NUMBER |

| YOR | YEAR 2004 | MAKE PREV | VEHICLE IDENTIFICATION NUMBER 2PCH33491410147780 | TITLE NUMBER TRP00651 |

| STATE (REQ.) | ZIP CODE (REQUIRED) | COUNTY | NET PRICE (REQUIRED) $ |
| CITY (REQUIRED) | | | SALE DATE (REQUIRED) / / |
| ADDRESS (REQUIRED) | | DRIVER LICENSE NUMBER OF PURCHASER | DATE OF BIRTH OF PURCHASER / / |
| PURCHASER NAME - LAST, FIRST (REQUIRED) (PRINTED) | | PURCHASER SIGNATURE (REQUIRED) | |

MUST BE COMPLETED AT TIME OF SALE    **NOTICE OF SALE OR TRANSFER**    SEE INSTRUCTIONS ON REVERSE