UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

ASCENTIUM CAPITAL LLC,

    Plaintiff,

v.

TED LITTELL, TIMOTHY LITTELL, and
WHITE KNIGHT LIMOUSINE, INC.,

    Defendants.

Case No. 2:20-cv-4215-NKL

## ORDER

Plaintiff Ascentium Capital LLC seeks an award of its reasonable attorney's fees and costs. Doc. 107 (Motion for Attorney's Fees). The Court previously determined that Defendants are jointly and severally liable for Ascentium's reasonable attorney's fees and costs and ordered Ascentium to provide proof to substantiate its request. *See* Doc. 89 (Sanction Order); Doc. 102 (Summary Judgment Order); Doc. 104 (Default Judgment Order). Ascentium requests a total of $138,957.08 in attorney's fees and $3,914.86 in costs. See Doc. 108. The Court grants Ascentium's request in part and orders that all Defendants, including Timothy Littell, are jointly and severally liable for $113,742.05 in attorney's fees and $3,914.86 in costs. Defendant Timothy Littell is also liable for an additional $14,711.58 in attorney's fees.

I.    **BACKGROUND**

Defendant White Knight entered into five loan agreements with Ascentium. Defendants Tim and Ted Littell served as guarantors for the agreements and are jointly and severally liable for any amounts due under the agreements. In the event of default, Ascentium was entitled to recover

all past due amounts, 1.5% monthly interest on past due amounts, and any reasonable attorney's fees and costs Ascentium incurred enforcing its rights under the agreements.

To secure the loans, White Knight provided Ascentium a security interest in two of White Knight's busses. Defendants defaulted on the loans in the middle of 2020, and White Knight repossessed the busses. Ascentium resold the busses and subtracted the value of the resale from the amount owed under the agreements.

### A. Procedural History

On November 3, 2020, Ascentium filed its Complaint, claiming Defendants breached the loan agreements. Doc. 1. On September 29, 2021, Ascentium moved for sanctions against all Defendants because their conduct during discovery was dishonest. Doc. 56. The Court only granted the Motion as to Tim Littell, finding clear and convincing evidence that he repeatedly and intentionally misrepresented evidence to strengthen Defendants' case. *Id*. Doc. 89. As a remedy, the Court struck Tim Littell's pleadings and entered a default judgment against him. In the default judgment order, the Court ordered Tim Littell to pay Ascentium $328,891.90, any interest that had accrued, and Ascentium's reasonable attorney's fees and costs. Doc. 104.

On November 19, 2021, Ascentium moved for summary judgment on all its claims. The Court granted Ascentium's motion for summary judgment because (1) a reasonable juror could only conclude that Defendants had breached the five agreements and Ascentium's resale of the collateral was reasonable, and (2) Defendants' affirmative defenses failed as a matter of law. Doc. 102. As a result, Ascentium was entitled to recover from Ted Littell and White Knight, $328,891.90, interest that had accrued, and Ascentium's reasonable attorney's fees and costs. *Id.*

### B. Attorney's Fees

On January 6, 2022, Ascentium filed its legal invoices under seal to prove its reasonable attorney's fees and costs. Doc. 97. On January 26, 2022, the Court permitted Defendants to respond to with any argument that the requested fees were not reasonable. Doc. 101. Defendants did not respond. Ascentium then filed a motion for attorney's fees and costs. Doc. 107. Defendants responded to the motion by arguing that the fee award should be reduced because Ascentium has failed to support a multitude of its billing entries. Doc. 108.

## II. DISCUSSION

The underlying loan agreements state California law applies to the dispute. *See* Doc. 79-4; 79-31; 79-47; 79-63; 79-76. However, the Court can look to federal law for guidance. *Ridgeway v. Wal-Mart Stores Inc.*, 269 F. Supp. 3d 975, 982 (N.D. Cal. 2017) ("California law governs plaintiffs' motion . . . Nevertheless, the Court may still look to federal authority for guidance in awarding attorney's fees." (quoting *MacDonald v. Ford Motor Co.*, No. 13-cv-2988-JST, 2016 WL 3055643, at *2 (N.D. Cal. May 31, 2016))).

Under Cal. Civ. Code. § 1717(a), if a party prevails in a breach of contract action and the contract provides the party is entitled to the attorney's fees and costs spent enforcing their rights, then the prevailing party is entitled to recover its reasonable attorney's fees and costs. Under the statute, "reasonable attorney fees are to be fixed by the court." *PLCM Grp. v. Drexler*, 997 P.2d 511, 515 (Cal. 2000), as modified (June 2, 2000). "[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *Id.* at 518. The lodestar "is fundamental to a determination of an appropriate attorney's fee award." *Id.* (quoting *Margolin v. Reg. Plan. Com.*, 185 Cal.Rptr. 145 (Cal. Ct. App. 1982)). Ascentium bears the burden of proving that the hourly rates for its attorneys

3

and the number of hours spent were reasonable. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (holding it is the fee applicant's burden to show the rates charged are reasonable); *Roth Grading, Inc. v. Martin Bros. Constr.*, No. 220CV00336KJMCKD, 2022 WL 411425, at *4 (E.D. Cal. Feb. 10, 2022) ("A party who requests attorneys' fees bears an initial burden to show 'the fees it seeks are reasonable.'" (quoting *Ctr. for Biological Diversity v. Cty. of San Bernardino*, 115 Cal.Rptr.3d 762 (Cal. Ct. App. 2010))).

### A. Whether the Rates Charged Were Reasonable

Under California law, the reasonable hourly rate is the rate prevailing in the community for similar work. *PLCM Grp.*, 997 P.2d at 518. Ascentium's counsel charged between $412 and $450 per hour for the work of its partners J.J. Trad and J.E. Martineau; between $129.60 and $177.31[1] per hour for the work of its associates T.H. Brown, T.R. Selig, and D.A. Hayes; and between $160 and $190 per hour for the work of its paralegals J.S. Lanciault, J.L. Moentmann, and K.D. Winschel. Doc. 97. Defendants do not contest that the rates were reasonable.

The rates Ascentium's counsel charged for partners and associates were reasonable because they are below the average rates charged in Missouri in 2021 according to the Missouri Lawyers Weekly Billing Rates Report. *See Billing Rates 2021: Fee awards few and far between during pandemic,* 2021 WLNR 37503966. The rates charged for paralegals are higher than the $150 per hour average rate charged by "support staff" in Missouri in 2021. *Id.* However, that support rate "may include not only paralegals but other types of support staff that may be less skilled." *S.C. by & through M.C. v. Riverview Gardens Sch. Dist.*, No. 18-4162-CV-C-NKL, 2020 WL 5262267,

---

[1] Brown's original billing rate was $350 per hour. However, that rate was reduced to $165.00 per hour and then $158.40 per hour. The average amount charged for Brown's services over the course of the litigation was $177.31 per hour.

at *9 (W.D. Mo. Sept. 3, 2020). Additionally, the Court has previously found that higher paralegal rates were reasonable. *Brown v. Precythe*, No. 17-CV-4082-NKL, 2020 WL 1527160, at **3-4 (W.D. Mo. Mar. 30, 2020) (holding paralegal rates of $216 per hour were reasonable before applying the discount required by the Prison Litigation Reform Act); *Washington v. Denney*, No. 2:14-CV-06118-NKL, 2017 WL 4399566, at *4 (W.D. Mo. Oct. 3, 2017) (holding paralegal rates up to $220 per hour were reasonable before applying the discount required by the Prison Litigation Reform Act). Consequently, the Court finds the rate Ascentium's counsel charged for paralegals was reasonable.

### B. Whether Ascentium Sufficiently Supported the Number of Hours Worked

Defendants argue that some of J.J. Trad's billing entries are too vague for the Court to determine if they are reasonable, and approximately 10% of Ascentium's fee request should consequently be denied. The Court can reduce the fee award if vague billing entries prevent the Court from verifying that the amount of time spent on a task was reasonable. *Good Morning to You Prods. Corp. v. Warner/Chappell Music, Inc.*, No. CV134460GHKMRWX, 2016 WL 6156076, at *10 (C.D. Cal. Aug. 16, 2016) ("Courts routinely reduce lodestar figures if time sheets are littered with vague billing entries that make it difficult to assess the reasonableness of the hours expended in a case." (citing *Banas v. Volcano Corp.*, 47 F. Supp. 3d 957, 969 (N.D. Cal. 2014)); *Hess v. Ramona Unified Sch. Dist.*, No. 07-CV-0049 W (CAB), 2008 WL 5381243, at *6 (S.D. Cal. Dec. 19, 2008) ("When counsel lump together multiple tasks or fail to sufficiently describe the time expended, it is appropriate for the court to reduce the total hours." (citing *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948 (9th Cir.2007))); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433

(1983) (holding that under Federal law "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly.").[2]

### 1. Entries for Time Spent "Working on" Issues

Except for the categories of entries detailed below, the billing entries Defendants challenge are for time Trad spent "work[ing] on open issues," "work[ing] on open issues re case status and strategy," "working on discovery," or "working on [another issue]." *See generally* Doc. 97. Ascentium has not shown that most of these entries were reasonable because the Court cannot determine from the Trad's vague description what Trad was working on. *Signature Networks, Inc. v. Estefan,* No. C 03-4796 SBA, 2005 WL 1249522, at *7 (N.D. Cal. May 25, 2005) ("[T]he failure to provide even a general description of the subject matter renders it impossible to assess the reasonableness of many of OMM's entries."); *see also In re Meese,* 907 F.2d 1192, 1204 (D.C. Cir. 1990) (per curiam) (reducing an award because "[t]he time records maintained by the attorneys, paralegals and law clerks are replete with instances where no mention is made of the subject matter of a meeting, telephone conference or the work performed during hours billed."). Ascentium argues that the surrounding context makes "reasonably certain" what Trad was working on. Having independently reviewed the record, the Court respectfully disagrees as the surrounding entries do little to elucidate what Trad, as opposed to other members of Ascentium's legal team, was working on.

---

[2] Ascentium argues since it submitted billing records it has provided adequate documentation and the burden is now on Defendants to provide specific evidence to show their fees are reasonable. However, for the reasons stated below, there are entries that did not meet Ascentium's burden because they are impermissibly vague.

Furthermore, even when Trad's entries indicate what he was working on,³ they do not show that his time was reasonably spent because they say nothing about the role Trad played or the tasks he completed. *Good Morning to You Prods. Corp.*, 2016 WL 6156076, at *11 (reducing the lodestar amount when billing entries told the Court nothing about the role an attorney played or what work the attorney conducted); *In re Meese*, 907 F.2d at 1204 (holding the Court could not verify the reasonableness of the billing entries when the time entries did not detail the work performed). Ascentium argues that these entries are sufficient because it was only required to document the "general subject of the services provided" and cites to *Hall v. Cent. Intel. Agency*, 115 F. Supp. 3d 24, 32 (D.D.C. 2015). To the extent *Hall*, or any other federal authority, stands for the proposition that an attorney sufficiently documents its time by stating he "worked on" an issue, the Court respectfully disagrees. Additionally, the Court is unmoved by the fact that *Hall* cited to the Supreme Court's footnote in *Hensley*. The Supreme Court in *Hensley*, stated "great detail" was not required in billing entries but "at least counsel should identify the general subject matter." However, *Hensley* does not state that an attorney is *only* required to state the subject matter of what they were working on, and the Court is not requiring "great detail" by asking Ascentium's attorney's to provide more information then saying they "worked on" an issue.

---

³ The following entries indicate what Trad was working on: a January 27, 2021, entry for "work on open issues re mediation; discovery and case status"; a March 9, 2021, entry for "work on open issues re protective order"; a September 29, 2021, entry for "work on open issues re motion"; a November 11, 2021, entry for "work on sanction issues"; a November 12, 2021, entry for "work on open issues re contempt"; a December 3, 2021, entry for .3 hours for "work on open issues re summary judgment"; a December 27, 2021, entry for "work on open issues re contempt order"; and December 28, 2021, entry for "work on trial strategy." Doc. 97, at 9, 14, 37, 46, 50.

With two exceptions,[4] the Court will strike these entries when determining the amount of time spent and will therefore reduce the requested fee by **$7,705.80**.

### 2. Time Spent Reviewing Emails or Materials

Defendants challenge entries on December 31, 2020, for .2 hours, January 7, 2021, for .1 hours, and January 30, 2021, for .1 hours because the description stated Trad "review[ed] email correspondence exchange[s]." Doc. 97, at 6, 8-9. The entries will be deducted because the Court cannot determine the subject matter of the emails or why Trad reviewed them. *Signature Networks, Inc.*, 2005 WL 1249522, at *8; *In re Meese,* 907 F.2d at 1204. The Court has also independently identified entries on March 18, 2021, and March 26, 2021, for "review[ing] e-mail correspondence exchanges." Doc. 97, at 14. These entries will be stricken from the fee request for the same reasons.

Defendants challenge 9 billing entries that state Trad reviewed materials, pleadings, motions, or a court order. The Court will not deduct the 6 entries, billed between October 13, 2021, and November 10, 2021.[5] For all but one of the entries, the context makes clear that Trad was reviewing Ascentium's *Daubert* or summary judgment motion during the drafting process and the amount of time Trad spent reviewing each of the documents was reasonable. Doc. 97, at 42,

---

[4] The November 3, 2020, entry for .3 hours for "work on filing lawsuit" will not be deducted because it was reasonable for Trad to spend 18 minutes helping file the complaint. Doc. 97, at 4. The Court will also not deduct the August 3, 2021, entry for .2 hours for "work on disclosures" because the surrounding entries show Trad met with another lawyer to discuss expert witness disclosures during this time. Doc. 97, at 33; *see also White v. Coblentz, Patch & Bass LLP Long Term Disability Ins. Plan,* No. C 10-1855 BZ, 2011 WL 5183854, at *4 (N.D. Cal. Oct. 31, 2011) ("While the entry is minimal, in the context of the billing records, it is clear that Mr. Padway was revising the reply brief to the motion for summary judgment.").

[5] Defendants challenged entries by Trad on October 13, 2021; October 20, 2021; November 3, 2021; November 4, 2021; and November 8, 2021. Doc. 97, at 42, 46.

46 (showing the surrounding time entries); *White*, 2011 WL 5183854, at *4 (holding the Court is allowed to consider context when determining if a billing entry is reasonable). Additionally, the .1 hour November 8, 2021, entry for "review[ing a] court order" will not be deducted because Trad was likely reviewing the amended scheduling order the Court docketed that day.

However, Trad billed .2 hours on September 17, 2021, and .4 hours on October 11, 2021, for "review[ing] pleading" and "review[ing] materials" respectively. Doc. 97, at 37, 42. The Court cannot determine what pleading or materials were reviewed or why the documents were reviewed and consequently will deduct the entries from the fee award. *Signature Networks, Inc.*, 2005 WL 1249522, at *8. In total the Court will deduct **$982.80** from the fee award for Ascentium's failure to explain why certain documents or emails were reviewed.

### 3. Deposition Preparation

Defendants also challenge several entries related to Trad's preparation for different depositions. Trad stated in billing entries on April 1, 2021, and April 2, 2021, that he spent 1.1 and 1.9 hours respectively reviewing documents to prepare for depositions. Doc. 97, at 18. These entries provide enough information for the Court to determine that Trad reasonably spent his time. In the remaining entries,[6] Trad states he was working on deposition preparation issues. As stated above, a billing entry stating an attorney "works on an issue" is generally insufficient. However, these entries are distinguishable from those previously stricken by the Court. Unlike the previous entries which stated Trad was working on a vague category like "discovery issues" or "open issues," these entries tie Trad's work to a specific case-related event—the upcoming depositions. Additionally, the billing entries by Trad, and the surrounding entries from Brown, identify the

---

[6] These remaining entries occurred on, April 7, 2021; April 9, 2021; July 14, 2021; and July 20, 2021. Doc. 97, at 18, 29.

task(s) Trad completed during this time—helping Brown prepare for upcoming depositions. As a result, the entries provide the Court with enough information to determine the challenged billing entries are reasonable.

### 4. Block Billing

Defendants challenge four entries that list multiple tasks and do not specify how much time was spent on each task. This practice is known as "block billing," and under California law, the Court has discretion about whether to penalize a party for using the practice. *Ridgeway*, 269 F. Supp. 3d at 988 (citing *Heritage Pac. Fin., LLC v. Monroy*, 156 Cal.Rptr.3d 26, 55 n.6 (Cal. Ct. App. 2013)). On December 30, 2020, Trad billed .5 hours for "review pleading; work on open issues; email correspondence to the client." Doc. 97, at 6. The entry will be stricken because the Court cannot discern what pleading was reviewed, what the subject of the email correspondence was, or what "open issues" Trad was working on. The Court will similarly strike Trad's June 3, 2021, entry for—"work on open issues including telephone conference with [redacted]"—because the Court cannot determine what open issue Trad was working on or why he was having a telephone conference. Doc. 97, at 26. The Court will also deduct the .8 hour November 24, 2021, entry for "Work on open issues including review pleading" because it is unclear what pleading Trad reviewed or what "open issue" he worked on. Doc. 97, at 46. However, the Court will not strike the 3.2 hour April 7, 2021, entry for "work on deposition preparation including mediation statement" because it was reasonable for Trad to spend 3.2 hours preparing for the upcoming deposition and improving the mediation statement. *See Ridgeway*, 269 F. Supp. 3d at 988-89 (refusing to reduce a fee award for a block billed entry because the Court found the overall amount of time spent on the tasks was reasonably spent); *Washington v. Denney*, No. 14-CV-6118-NKL, 2017 WL 4399566, at *6 (W.D. Mo. Oct. 3, 2017) ("[B]lock-billing is problematic only where the

hours billed for multiple tasks appears excessive, or where billed time needs to be eliminated for certain tasks . . . .").

The Court has also independently identified the March 16, 2021, entry for "Review document and pleading including work on strategy." Doc. 97, at 14. The Court cannot determine what document was reviewed or what work Trad performed related to "strategy" and will consequently strike the entry. The Court will deduct **$965.60** from the fee award for the stricken entries.

### 5. Redacted Entries[7]

The Court has independently identified multiple entries that will be deducted from the fee request because redactions prevent the Court from determining if the entries are reasonable. First, the Court cannot determine if December 30, 2020, entry for .1 hours from Lanciault is reasonable because the entry is completely redacted. Doc. 97, at 6. Second the July 26, 2021, entry for .7 hours by Brown and the August 20, 2021, entry for .1 hours by Brown which state Brown had a "conference call with client [redacted]." Doc. 97, at 31, 34. The redactions prevent the Court from determining if the entries are reasonable because the Court cannot determine the subject matter of the conversation. *See Signature Networks, Inc*, 2005 WL 1249522, at *8 (upholding a 20% reduction in an overall fee award because redactions prevented the Court from determining if the time was reasonably spent). The Court will similarly deduct the September 12, 2021, entry for 2.5 hours by Brown for "Research case law pertaining to evidence required to [redacted]" because the Court cannot determine the subject matter of the research. *Id.*; Doc. 97, at 38. Lastly, the Court will deduct 50% of Brown's May 3, 2021, entry for "Prepare additional discovery requests directed

---

[7] Even though the billing entries were filed under seal, Plaintiff redacted some entries.

to defendants by close review of case files for prior, equivocated answers, [redacted]" because the Court cannot determine whether the second half of the time entry was reasonable. Doc. 97, at 23. In total, the Court deducts $**849.25** from the fee request for the redacted entries.

### C. Whether Ascentium Is Entitled to the Listed Costs

Ascentium has requested $3,914.86 in costs. Defendants do not challenge the reasonableness of these costs. After an independent review, the Court determines that these costs are reasonable.

### D. Deduction for Sanctionable Conduct

Ascentium has requested that only Tim Littell be liable for the attorney's fees incurred to litigate the motion for sanctions. Doc. 95, at 2. Defendants have not disputed the request, nor does the Court find it unreasonable that Tim Littell should pay for the attorney's fees incurred because of his sanctionable conduct. As a result, the Court will deduct $14,711.58[8] from the award for Defendants White Knight and Ted Littell, making Tim Littell solely liable for those fees.

## III. CONCLUSION

For the reasons discussed above, all Defendants are jointly and severally liable for **$3,914.86** in costs and **$113,742.05** in attorney's fees. Defendant Tim Littell is additionally liable for **$14,711.58** in attorney's fees. Appendix I and Appendix II below reflect the Court's deductions as well as the individual time entries stricken from the final fee request.

---

[8] Ascentium has indicated that $15,100.38 in attorney's fees were attributable to Ted Littell's sanctioned conduct. However, the entries on November 11, 2021, and December 27, 2021, that Ascentium included in this calculation were impermissibly vague. *See supra* Section III.A.2. The Court accordingly deducted $388.80, leaving $14,711.58 worth of recoverable fees for Tim Littell's sanctionable conduct.

| **Appendix I- Fee Award Calculation** | |
|---|---|
| **Requested Fees:** | **$138,957.08** |
| Reduction for Time Spent "Working on" Issues | -$7,705.80. |
| Vague Entries related to Reviewing Documents or Emails | -$982.80 |
| Block Billed Entries | -$965.60 |
| Redacted Entries | -$849.25 |
| Reduction for Tim Littell's conduct | -$14,711.58 |
| **Fee Award:** | $113,742.05 |

| Appendix II- Time Entries Stricken from Ascentium's Fee Request ||||| 
|---|---|---|---|---|
| Date | Billing Description | Lawyer Initials | Hours | Rate |
| 10/21/2020 | Work on lawsuit issues | JJT | .8 | 450 |
| 11/05/2020 | Work on lawsuit issues | JJT | .3 | 450 |
| 11/08/2020 | Work on pleadings issues | JJT | .2 | 450 |
| 11/18/2020 | Work on open issues | JJT | .1 | 450 |
| 11/19/2020 | Work on open issues re collection | JJT | .4 | 450 |
| 12/30/2020 | Redacted | JTL | .1 | 160 |
| 12/30/2020 | Review pleading; work on open issues; e-mail correspondence to client | JJT | .5 | 450 |
| 12/31/2020 | Review e-mail correspondence exchange | JJT | .2 | 450 |
| 1/6/2021 | Work on open issues | JJT | .1 | 450 |
| 1/7/2021 | Review e-mail correspondence exchange | JJT | .1 | 450 |
| 1/11/2021 | Work on open issues | JJT | .2 | 450 |
| 1/12/2021 | Work on open issues | JJT | .2 | 450 |
| 1/25/2021 | Work on open issues | JJT | .1 | 450 |
| 1/27/2021 | Work on open issues re mediation; discovery and case status | JJT | .4 | 450 |
| 1/30/2021 | Review e-mail correspondence | JJT | .1 | 450 |
| 2//25/2021 | Work on open issues | JJT | .3 | 450 |
| 2/26/2021 | Work on open issues | JJT | .2 | 450 |
| 2/28/2021 | Work on open issues | JJT | .2 | 450 |
| 3/2/2021 | Work on open issues | JJT | .1 | 450 |
| 3/3/2021 | Work on open issues re discovery | JJT | .4 | 450 |
| 3/9/2021 | Work on open issues re protective order | JJT | .2 | 450 |
| 3/16/2021 | Review document and pleading including work on strategy | JJT | .4 | 450 |
| 3/18/2021 | Review e-mail correspondence exchanges | JJT | .2 | 450 |
| 3/24/2021 | Work on open issues | JJT | .2 | 450 |
| 3/26/2021 | Review email correspondence exchanges | JJT | .1 | 450 |
| 5/3/2021 | Work on strategy | JJT | .2 | 450 |
| 6/1/2021 | Work on discovery issues | JJT | .1 | 450 |
| 6/2/2021 | Work on discovery issues | JJT | .3 | 450 |
| 6/3/2021 | Work on open issues including telephone conference with [redacted] | JJT | .5 | 450 |
| 7/22/2021 | Work on discovery issues | JJT | .2 | 450 |
| 7/26/2021 | Work on discovery and disclosure issues | JJT | .1 | 450 |
| 7/26/2021 | Conference with client [redacted] | THB | .7 | 165 |
| 7/27/2021 | Work on discovery issues | JJT | .2 | 450 |
| 7/28/2021 | Work on case status issues | JJT | .2 | 450 |
| 7/29/2021 | Work on open issues re case status and strategy | JJT | .5 | 450 |
| 8/6/2021 | Work on open issues re status and strategy | JJT | .2 | 450 |

| Date | Description | Attorney | Hours | Rate |
|---|---|---|---|---|
| 8/10/2021 | Work on discovery | JJT | .5 | 450 |
| 8/11/2021 | Work on discovery issues | JJT | .3 | 450 |
| 8/19/2021 | Work on discovery issues | JJT | .1 | 450 |
| 8/20/2021 | Telephone conference with client [redacted] | THB | .1 | 165 |
| 8/24/2021 | Work on discovery issues | JJT | .2 | 450 |
| 8/26/2021 | Work on discovery issues | JJT | .2 | 450 |
| 9/1/2021 | Work on open issues re discovery | JJT | .1 | 450 |
| 9/2/2021 | Work on open issues re discovery | JJT | .1 | 450 |
| 9/3/2021 | Work on discovery | JJT | .1 | 450 |
| 9/8/2021 | Work on discovery issues | JJT | .4 | 450 |
| 9/09/2021 | Work on discovery issues | JJT | .3 | 450 |
| 9/10/2021 | Work on discovery issues | JJT | .5 | 450 |
| 9/15/2021 | Work on discovery issues | JJT | .3 | 450 |
| 9/17/2021 | Review pleading | JJT | .2 | 450 |
| 9/26/2021 | Work on discovery issues | JJT | .4 | 450 |
| 9/29/2021 | Wok on open issues re motion | JJT | 1.5 | 450 |
| 10/1/2021 | Work on discovery issues | JJT | .5 | 432 |
| 10/4/2021 | Work on discovery issues | JJT | .3 | 432 |
| 10/5/2021 | Work on discovery issues | JJT | .2 | 432 |
| 10/6/2021 | Work on discovery issues | JJT | .2 | 432 |
| 10/11/2021 | Review materials | JJT | .4 | 432 |
| 10/12/2021 | Work on open issues re status and strategy | JJT | .9 | 432 |
| 10/14/2021 | Work on discovery | JJT | .2 | 432 |
| 10/21/2021 | Work on open issues re case status and strategy | JJT | .5 | 432 |
| 10/25/2021 | Work on Discovery issues | JJT | .3 | 432 |
| 11/11/2021 | Work on sanction issues | JJT | .4 | 432 |
| 11/12/2021 | Work on open issues re contempt | JJT | .7 | 432 |
| 11/23/2021 | Work on open issues | JJT | .8 | 432 |
| 11/24/2021 | Work on open issues including reviewing pleading | JJT | .8 | 432 |
| 11/30/2021 | Work on open issues | JJT | .4 | 432 |
| 12/1/2021 | Work on open issues re case status and strategy | JJT | .4 | 432 |
| 12/2/2021 | Work on open issues re case status and strategy | JJT | .5 | 432 |
| 12/3/2021 | Work on open issues re summary judgment | JJT | .3 | 432 |
| 12/7/2021 | Work on case status and strategy | JJT | .3 | 432 |
| 12/9/2021 | Work on open issues re case status and strategy | JJT | .2 | 432 |
| 12/20/2021 | Work on open issues re case status and strategy | JJT | .1 | 432 |
| 12/23/2021 | Work on open issues re case status and strategy | JJT | .2 | 432 |
| 12/27/2021 | Work on open issues re contempt order | JJT | .5 | 432 |
| 12/28/2021 | Work on trial strategy | JJT | .6 | 432 |

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: April 11, 2022
Jefferson City, Missouri